Citation Nr: 1443659 
Decision Date: 09/30/14 Archive Date: 10/06/14

DOCKET NO. 07-34 036 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Indianapolis, Indiana


THE ISSUES

1. Entitlement to service connection for an acquired psychiatric disorder, to include paranoid schizophrenia, posttraumatic stress disorder (PTSD), and depression. 

2. Entitlement to service connection for chronic fatigue. 

3. Entitlement to service connection for a sleep disorder.


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

M. Espinoza, Associate Counsel

INTRODUCTION

The Veteran had active military service from July 1969 to June 1972. 

These matters come before the Board of Veterans' Appeals (Board) from an April 2007 rating decision of the Department of Veterans Affairs Regional Office (RO) in Indianapolis, Indiana.

These claims were previously before the Board in November 2009 and November 2010 when they were remanded for further development. They now return to the Board for appellate review.

As in the most recent Board decision, the Board has again characterized the claims for service connection for paranoid schizophrenia, PTSD, and depression to reflect a broad definition of the claim, as listed on the title page. See Clemons v. Shinseki, 23 Vet. App. 1 (2009). 

The Veteran testified at a hearing before a Decision Review Officer in June 2008 and at a hearing before the undersigned Veterans Law Judge in May 2010. Both hearing transcripts are associated with the claims file.

In an unsigned July 2014 statement, associated with the claims file in the Veterans Benefits Management System, the Veteran revoked the power of attorney of his representative. He did not subsequently appoint another representative. The Veteran clarified in a signed September 2014 statement that he wished to represent himself. Thus, the Veteran is considered to be self-represented in this case.

Additional evidence subsequent to the most recent December 2013 supplemental statement of the case has been received by VA. Specifically, in July 2014, the Veteran's then representative submitted additional private treatment records, dated from September 2012 to June 2014. The Veteran's representative did not waive RO review of this additional evidence. See 38 C.F.R. § 20.1304(c) (2013). However, as these claims must be remanded for additional development, the RO will have an opportunity to consider the additional evidence in the first instance when the claims are re-adjudicated after the development is completed.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

The Board finds the December 2010 VA mental disorders examination obtained pursuant to the November 2010 Board directive is inadequate. See Barr v. Nicholson, 21 Vet. App. 303 (2007). The December 2010 VA examiner stated that the Veteran did not appear to meet the diagnostic criteria for PTSD or other mental disorders. However, the claims file does provide evidence of mental disorder diagnoses during the pendency of the claim. Specifically, an August 2010 psychiatry note provided a diagnosis of anxiety disorder, not otherwise specified (NOS). Additionally, June 2010 and July 2010 VA treatment records provided a diagnosis of PTSD. An April 2008 VA assessment provided a diagnosis of depression, NOS. Additionally, private treatment records, associated with the claims file subsequent to the VA examination, most recently dated in June 2014, provided diagnoses of anxiety and depression. Also, the December 2006 VA PTSD examination diagnosed the Veteran with mixed anxiety-depressed mood disorder. Moreover, the December 2010 VA examiner noted that the Veteran was currently being treatment for a mental disorder and taking prescription anti-depressants but did not reconcile such finding with the lack of diagnosis provided. Thus, the Board finds another VA examination is warranted for the reasons detailed above. See 38 U.S.C.A. § 5103A(d) (West 2002 & Supp. 2013); 38 C.F.R. § 3.159(c)(4) (2013).

Additionally, the Board observes that the Veteran has asserted claims for service connection for a sleep disorder and chronic fatigue; however, such claims are inextricably intertwined with the claim for service connection for any acquired psychiatric disorder, as the Veteran, in May 2010 testimony, stated he believed his sleep disorder and fatigue were manifestations of his PTSD. See Harris v. Derwinski, 1 Vet. App. 180 (1991) (two issues are "inextricable intertwined" when they are so closely tied together that a final decision on one issue cannot be rendered until a decision on the other issue has been rendered). Thus, the Board must defer deciding these claims pending the outcome of the claim concerning entitlement to service connection for an acquired psychiatric disorder.

Finally, updated VA treatment records should be obtained and associated with the claims file. The record reveals that the Veteran receives regular treatment from the VA Northern Indiana Health Care System. Thus, on remand, all relevant VA treatment records should be obtained, to include from the VA Northern Indiana Health Care System, specifically from the Marion Campus, since January 2011 to the present, and any associated outpatient clinics, and associated with the claims file. See 38 U.S.C.A. § 5103A(c); 38 C.F.R. § 3.159(c)(2). See also Bell v. Derwinski, 2 Vet. App. 611, 613 (1992) (holding that documents which are generated by VA agents or employees are in constructive possession of VA, and as such, should be obtained and included in the record). All attempts to obtain these records must be documented in the claims file. The Veteran must be notified of any inability to obtain the requested documents.

Accordingly, the case is REMANDED for the following actions:

1. Obtain the Veteran's VA treatment records, from the VA Northern Indiana Health Care System, to include from the Marion Campus, since January 2011 to the present, and any associated outpatient clinics, and associate these records with the claims folder. All attempts to obtain these records must be documented in the claims file. The Veteran must be notified of any inability to obtain the requested documents.

2. Thereafter, schedule the Veteran for a VA psychiatric examination, to determine the nature and etiology of any diagnosed psychiatric disorders. Provide a copy of this remand and the claims file to the examiner for review. Any and all studies, tests, and evaluations deemed necessary by the examiner should be performed. The examiner must address the following: 

a. Does the Veteran have a diagnosis of PTSD? If not, reconcile such with diagnoses of PTSD contained with the record. 

b. If so, is it at least as likely as not (50 percent probability or more) that the Veteran's PTSD is related to a verified in-service stressor? 

c. Provide an opinion as to whether it is at least as likely as not (50 percent likelihood or higher) that any psychiatric disorder demonstrated proximate to or during the pendency of the claim, even if currently resolved, (to include, but not limited to, depression, anxiety disorder, NOS) had its onset in active service or is otherwise causally or etiologically related to the Veteran's active service. 

d. Does the Veteran have a separately identifiable sleep disorder and/or chronic fatigue disability or are these symptoms associated with any currently manifested psychiatric disability? 

e. If the examination results in a separate diagnosis of a chronic sleep disorder and/or chronic fatigue, the examiner should offer an opinion as to the etiology of the disorder(s), to include whether it is at least as likely as not (50 percent likelihood or higher) that any currently demonstrated sleep disorder and/or chronic fatigue (1) is due to active service or (2) is proximately due to or chronically aggravated by a diagnosed psychiatric disability. 

Provide a complete rationale for any opinion provided.

The term "at least as likely as not" does not mean within the realm of possibility, but rather that the evidence both for and against a conclusion is so evenly divided that it is as sound to find in favor of a certain conclusion as it is to find against it. 

3. The Veteran must be notified that it is his responsibility to report for the examination and to cooperate in the development of the claims. The consequences for failure to report for a VA examination without good cause may include denial of the claims. 38 C.F.R. §§ 3.158, 3.655 (2013). 

4. Finally, after undertaking any other development deemed appropriate, readjudicate the issue on appeal of entitlement to service connection for a psychiatric disability. If the benefit sought is not granted, furnish the Veteran with a supplemental statement of the case and afford an opportunity to respond before the record is returned to the Board for further review.

5. Following completion of the above, adjudicate the issues of entitlement to service connection for chronic fatigue, to include as secondary to a service-connected disability, and entitlement to service connection for a sleep disorder, to include as secondary to a service-connected disability. Notice of the determination and the Veteran's appellate rights must be provided to the Veteran. Only if an appeal is completed as to either or both matters should such matter(s) be forwarded to the Board for appellate consideration.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
U. R. POWELL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).